# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACI WATKINS, | ) |
| | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| SYNCHRONY BANK F/K/A GE | ) **JURY TRIAL** |
| CAPITAL RETAIL BANK, | ) |
| | ) |
| Defendant | ) |

## COMPLAINT

STACI WATKINS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against SYNCHRONY BANK f/k/a GE CAPITAL RETAIL BANK ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Centre Hall, Pennsylvania 16828.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its principal place of business located at 950 Forrer Boulevard, Kettering, Ohio 45420.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153 (39).

9. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for more than one (1) year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in May 2014, and continuing through September 2014, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous

basis, at times calling five (5) times a day.

14. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

15. Defendant's automated messages identified "Walmart Credit Services," of Synchrony Bank, as the caller.

16. Defendant's telephone calls were not made for "emergency purposes."

17. In August 2014, Plaintiff spoke with Defendant and advised that because her husband had lost his job, she was having difficulty even making the monthly minimum payments on the account.

18. She told Defendant to stop calling her cellular telephone, which was sufficient to revoke any consent previously given to Defendant to place telephone calls to her cellular telephone number.

19. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone number.

20. Despite the above, Defendant persisted in calling Plaintiff on her cellular telephone.

21. As a result, Plaintiff retained counsel in order to stop Defendant's automated calls to her cellular telephone.

22. On August 11 2014, the undersigned sent written correspondence to Defendant, advising the Plaintiff was represented by counsel and to cease and desist all communications with Plaintiff, including all calls. See Exhibit A, the August 11, 2014, Letter of Representation to Defendant.

23. Defendant received the cease and desist letter on August 15, 2014. See Exhibit B, Certified Mail Receipt.

24. Nevertheless, Defendant continued to contact Plaintiff on her cellular telephone using an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

25. Specifically, Defendant called Plaintiff's cellular telephone on: August 25, 2014; August 26, 2014 (two times); August 27, 2014; August 28, 2014; August 29, 2014 (two times); August 30, 2014 (four times); August 31, 2014 (five times); September 1, 2014 (three times); September 2, 2014 (two times); September 3, 2014 (two times); September 4, 2014 (two times); September 5, 2014 (five times); September 6, 2014 (four times); September 7, 2014 (six times); September 8, 2014 (two times); September 9, 2014; September 10, 2014 (three times); September 11, 2014 (two times); and September 12, 2014 (three times).

26. Upon information and belief, Defendant conducts its business in a manner that violates the TCPA.

4

PLAINTIFF'S COMPLAINT

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

## COUNT I

27. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

29. Defendant's calls to Plaintiff were not made for emergency purposes.

30. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent, particularly as in August 2014 Plaintiff revoked any previous consent given to call her cellular telephone.

31. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

32. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STACI WATKINS, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, STACI WATKINS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: April 29, 2015    By: /s/ *Craig Thor Kimmel*
    CRAIG THOR KIMMEL
    Attorney ID No. 57100
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 788-2864
    Email: kimmel@creditlaw.com