# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STACI WATKINS,** | ) |
| | ) |
| Plaintiff | ) |
| | ) Case No.: 15-cv-00842-MWB |
| **v.** | ) |
| | ) |
| **SYNCHRONY BANK F/K/A GE** | ) |
| **CAPITAL RETAIL BANK,** | ) |
| | ) |
| Defendant | ) |

## SYNCHRONY BANK'S ANSWER TO THE
## COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTER-COMPLAINT

Now comes Defendant Synchrony Bank (hereinafter "Synchrony"), by and through its undersigned counsel, and hereby Answers the Complaint of Plaintiff Staci Watkins ("Plaintiff") and sets forth its Affirmative Defenses and Counter-Complaint against Plaintiff as follows:

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* ("TCPA").

**ANSWER: Synchrony admits that Plaintiff purports to bring this action pursuant to the Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq* ("TCPA").**

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

**ANSWER: The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the same.**

3.      Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

**ANSWER: Synchrony admits that it conducts business in the Commonwealth of Pennsylvania. The remaining allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the same.**

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**ANSWER: The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the same.**

PARTIES

5.      Plaintiff is a natural person residing in Centre Hall, Pennsylvania 16828.

**ANSWER: Synchrony admits that Plaintiff is a natural person. Synchrony lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 5. To the extent a response is required, Synchrony denies the same.**

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

**ANSWER: The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the same.**

7.      Defendant is a company with its principal place of business located at 950 Forrer Boulevard, Kettering, Ohio 45420.

**ANSWER: Synchrony denies the allegations of paragraph 7.**

8.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153 (39).

**ANSWER: The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the same.**

9.      At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**ANSWER: The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the same.**

## FACTUAL ALLEGATIONS

10.      Plaintiff has a cellular telephone number that she has had for more than one (1) year.

**ANSWER: Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 10 and on that basis denies the same.**

11.      Plaintiff has only used this number as a cellular telephone number.

**ANSWER: Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 11 and on that basis denies the same.**

12.      The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

**ANSWER: Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 12 and on that basis denies the same.**

13.     Beginning in May 2014, and continuing through September 2014, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis, at times calling five (5) times a day.

**ANSWER: Synchrony admits that it lawfully placed telephone calls to the phone number of record for Plaintiff's account during the relevant time period, after Plaintiff provided the number of record as her home phone number during the application process and consented to receive such calls. Synchrony denies the remaining allegations of paragraph 13.**

14.     When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

**ANSWER: The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the same.**

15.     Defendant's automated messages identified "Walmart Credit Services," of Synchrony Bank, as the caller.

**ANSWER: Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 15 and on that basis denies the same.**

16.     Defendant's telephone calls were not made for "emergency purposes."

**ANSWER: The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the same.**

17.     In August 2014, Plaintiff spoke with Defendant and advised that because her husband had lost his job, she was having difficulty even making the monthly minimum payments on the account.

**ANSWER**: **Synchrony admits the allegations of paragraph 17.**

18.     She told Defendant to stop calling her cellular telephone, which was sufficient to revoke any consent previously given to Defendant to place telephone calls to her cellular telephone number.

**ANSWER**: **Synchrony denies the allegations of paragraph 18.**

19.     Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone number.

**ANSWER**: **Synchrony denies the allegations of paragraph 19.**

20.     Despite the above, Defendant persisted in calling Plaintiff on her cellular telephone.

**ANSWER**: **Synchrony admits that it lawfully placed telephone calls to the phone number of record for Plaintiff's account, after Plaintiff provided the number of record as her home phone number during the application process and did not revoke consent to receive such calls.**

21.     As a result, Plaintiff retained counsel in order to stop Defendant's automated calls to her cellular telephone.

**ANSWER: Synchrony lacks knowledge or information sufficient to form a belief as to the allegations of paragraph 21 and on that basis denies the same.**

22.     On August 11 2014, the undersigned sent written correspondence to Defendant, advising the Plaintiff was represented by counsel and to cease and desist all communications with Plaintiff, including all calls.  See Exhibit A, the August 11, 2014, Letter of Representation to Defendant.

**ANSWER: Synchrony denies the allegations of paragraph 22. The correspondence attached as Exhibit A is addressed to Walmart Credit Services.**

23.     Defendant received the cease and desist letter on August 15, 2014.  See Exhibit B, Certified Mail Receipt.

**ANSWER: Synchrony denies the allegations of paragraph 23. The correspondence attached as Exhibit B is addressed to Walmart Credit Services.**

24.     Nevertheless, Defendant continued to contact Plaintiff on her cellular telephone using an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

**ANSWER: Synchrony admits that it lawfully placed telephone calls to the phone number of record for Plaintiff's account, after Plaintiff provided the number of record as her home phone number during the application process and did not revoke consent to receive such calls.  The remaining allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Synchrony denies the same.**

25.     Specifically, Defendant called Plaintiff's cellular telephone on: August 25, 2014; August 26, 2014 (two times); August 27, 2014; August 28, 2014; August 29, 2014 (two times); August 30, 2014 (four times); August 31, 2014 (five times); September 1, 2014 (three times); September 2, 2014 (two times); September 3, 2014 (two times); September 4, 2014 (two times); September 5, 2014 (five times); September 6, 2014 (four times); September 7, 2014 (six times); September 8, 2014 (two times); September 9, 2014; September 10, 2014 (three times); September 11, 2014 (two times); and September 12, 2014 (three times).

**ANSWER: Synchrony admits that it lawfully placed telephone calls to the phone number of record for Plaintiff's account, after Plaintiff provided the number of record as her home phone number during the application process and did not revoke consent to receive such calls.  Synchrony denies that paragraph 25 accurately reflects the dates and number of telephone calls made to Plaintiff.**

26.     Upon information and belief, Defendant conducts its business in a manner that violates the TCPA.

**ANSWER: Synchrony denies the allegations of paragraph 26.**

**DEFENDANT VIOLATED THE
TELEPHONE CONSUMER PROTECTION ACT**

**COUNT I**

27.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

**ANSWER: Synchrony incorporates its Answers to each of the foregoing paragraphs as though they were fully set forth herein.**

28.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

**ANSWER: The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the same.**

29.     Defendant's calls to Plaintiff were not made for emergency purposes.

**ANSWER: The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the same.**

30.     Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent, particularly as in August 2014 Plaintiff revoked any previous consent given to call her cellular telephone.

**ANSWER: Synchrony denies the allegations of paragraph 30.**

31.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

**ANSWER: Synchrony denies the allegations of paragraph 31.**

32.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

**ANSWER: Synchrony denies the allegations of paragraph 32.**

33.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**ANSWER: Synchrony denies the allegations of paragraph 33.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STACI WATKINS, respectfully prays for a judgment as follows:

a.      All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b.      Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.      Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.      Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e.      Any other relief deemed appropriate by this Honorable Court.

**<u>ANSWER</u>: Synchrony denies the allegations of the final, unnumbered paragraph beginning "WHEREFORE" and all associated subparagraphs. Synchrony further denies that Plaintiff is entitled to any relief whatsoever.**

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, STACI WATKINS, demands a jury trial in this case.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Claim)

Plaintiff fails to state a claim against Synchrony upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**
(Failure to Mitigate Damages)

Plaintiff failed to take proper and reasonable steps to avoid, minimize, or mitigate her

alleged damages and, to the extent of such failure, the damages allegedly incurred by Plaintiff, if

any, should be reduced accordingly or eliminated entirely.

**THIRD AFFIRMATIVE DEFENSE**
(Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**
(Waiver)

Plaintiff, by reason of her own actions and conduct, is barred from recovery on the

grounds that Plaintiff has waived whatever rights she may have had to assert the claims alleged

in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**
(Estoppel)

Plaintiff's claims are barred by the equitable doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**
(Laches)

Plaintiff's claims are barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**
(Justification)

Each and every act of Synchrony complained of in this Complaint was justified, proper,

legal, fair, and not done in degradation of Plaintiff's rights or legal interests.

**EIGHTH AFFIRMATIVE DEFENSE**
(Fault of Others)

If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct or intervening acts of others, and not by Synchrony.

**NINTH AFFIRMATIVE DEFENSE**
(Bona Fide Error)

Although Synchrony denies any liability in this matter, Synchrony contends that any alleged acts or omissions of Synchrony giving rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Synchrony. Synchrony acted in a reasonable manner in connection with the transaction at issue in this action.

**TENTH AFFIRMATIVE DEFENSE**
(Good Faith Conduct)

Synchrony at all times acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff against Synchrony.

**ELEVENTH AFFIRMATIVE DEFENSE**
(Lack of Causation)

The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Synchrony.

**TWELFTH AFFIRMATIVE DEFENSE**
(Lack of Malice)

Synchrony specifically denies acting with any willfulness, oppression, fraud, or malice towards Plaintiff or others.

**THIRTEENTH AFFIRMATIVE DEFENSE**
(Lack of Standing)

Plaintiff's claims may be barred in whole or in part because Plaintiff has suffered no actual injury and therefore has no standing to bring a statutory claim. *See Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) (granting certiorari in the question of whether Congress may confer Article III standing upon a plaintiff who suffers no actual harm and therefore could not otherwise invoke the jurisdiction of a federal court by authorizing a private right of action based on a bare violation of a federal statute.).

**FOURTEENTH AFFIRMATIVE DEFENSE**
(Consent)

Plaintiff's claims are barred because Plaintiff consented to any alleged conduct in the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**
(Prior Express Consent)

Although Synchrony denies any liability or wrongdoing alleged in the Complaint, Plaintiff's TCPA claims would also be barred because Plaintiff gave prior express consent to Synchrony to make the telephone calls at issue, and did not adequately revoke her prior express consent.

**SIXTEENTH AFFIRMATIVE DEFENSE**
(Arbitration)

Some or all of Plaintiff's claims may be subject to arbitration in accordance with the terms and conditions of the account and Synchrony reserves the right to compel arbitration pursuant to the terms and conditions of the applicable contractual agreements and/or account terms and conditions.

## OTHER DEFENSES

Synchrony has insufficient knowledge or information upon which to form a belief as to whether additional, as yet unstated, defenses are available.  Synchrony expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**WHEREFORE,** Synchrony requests judgment against Plaintiff dismissing the Complaint with prejudice, and awarding costs of suit, including attorneys' fees, and all other relief this Court may deem just and equitable.

## COUNTER-COMPLAINT

Counter-Plaintiff Synchrony Bank, by and through counsel, Reed Smith LLP, for its Counter-Complaint against Counter-Defendant Staci Watkins states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1367(a), as these claims arise from the same transaction and the same set of operative facts that are the subject of Plaintiff Ms. Watkins' claims against Synchrony Bank.

2.      This Court has personal jurisdiction over Ms. Watkins because, on information and belief, Ms. Watkins resides in this District.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.  A substantial part of the events leading up the lawsuit against Synchrony Bank all occurred because of Ms. Watkins' actions or contractual obligations in this District.

## PARTIES

4.      Ms. Watkins is a Synchrony Bank customer.  At all times pertinent, she lived in Centre Hall, Pennsylvania.

5.      Synchrony Bank, formerly known as GE Capital Retail Bank, is a banking institution with corporate headquarters located in Draper, Utah.

## FACTS

6.      On or around October 13, 2013, Ms. Watkins applied for a Wal-Mart credit card and entered into a contract to open Wal-Mart Account xxxx-xxxx-xxxx-8807 (the "Wal-Mart Account") in her own name.

7.      Ms. Watkins was provided a credit card along with a Wal-Mart credit card account agreement (the "Wal-Mart Cardholder Agreement") that governed the Wal-Mart Account and became effective upon her use of the Wal-Mart Account.

8.      Ms. Watkins has incurred charges on her Wal-Mart Account totaling $682.28.

9.      Under the terms of the Wal-Mart Cardholder Agreement, Ms. Watkins agreed, *inter alia*, to make regular monthly payments.

10.      On or around March 24, 2014, Ms. Watkins' Wal-Mart Account became past due.

## COUNT ONE
### (BREACH OF CONTRACT)

11.      The allegations set forth in paragraphs 1 through 10 above are incorporated by reference as if fully set forth herein.

12.      The Wal-Mart Cardholder Agreement is a valid, enforceable contract.

13.      Synchrony Bank performed all duties and obligations owed to Ms. Watkins under the Wal-Mart Cardholder Agreement.

14.     Ms. Watkins breached the Wal-Mart Cardholder Agreement when she failed to pay the monies due and owing.

15.     As a direct, consequent, and proximate result of Ms. Watkins' breach of contract, Synchrony Bank has suffered over $682.28 in actual damages, and will suffer further actual damages, and is entitled to recover the same.

16.     Pursuant to the Wal-Mart Cardholder Agreement, Synchrony Bank is entitled to recover all collection costs, court costs, and reasonable attorneys' fees in connection with this action.

**WHEREFORE**, Synchrony Bank demands judgment be granted in favor of Synchrony Bank against Ms. Watkins for, at least, $682.28 in actual damages, attorneys' fees and costs, and for such other relief as the Court may deem just and proper.

Dated:  June 29, 2015                          Respectfully submitted,

                                               SYNCHRONY BANK

                                               By Counsel

                                               /s/Robert E. Warring
                                               Robert E. Warring (209326)
                                               **REED SMITH LLP**
                                               Three Logan Square Suite 3100
                                               1717 Arch Street
                                               Philadelphia, PA  19103
                                               Phone 215.851.8100
                                               Fax 215.851.1420
                                               rwarring@reedsmith.com

                                               *Attorney for Defendant Synchrony Bank*

## CERTIFICATE OF SERVICE

The foregoing **SYNCHRONY BANK'S ANSWER TO THE COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTER-COMPLAINT** was electronically filed on June 29, 2015 with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to attorneys of record.

/s/Robert E. Warring
Robert E. Warring (209326)
**REED SMITH LLP**
Three Logan Square Suite 3100
1717 Arch Street
Philadelphia, PA  19103
Phone 215.851.8100
Fax 215.851.1420
rwarring@reedsmith.com