**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STACI WATKINS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Case No.: 4:15-cv-00842-MWB** |
| ) | |
| SYNCHRONY BANK F/K/A GE ) | |
| CAPITAL RETAIL BANK, ) | |
| ) | |
| Defendant ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM PURSUANT TO FED.R.CIV.P. 12(b)(1)

Plaintiff Staci Watkins, by and through her counsel Kimmel & Silverman, P.C., respectfully submits this Memorandum of Law in Support of her Motion to Dismiss Defendant's Counterclaim. For the reasons set forth herein, this Court should grant Plaintiff's motion and dismiss Defendant's Counterclaim for want of subject matter jurisdiction.

## I.    INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff commenced this lawsuit against Defendant on April 29, 2015, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").   See Docket Entry No. 1.   Defendant was served with the Complaint and elected to waive service.   See Docket Entry No 4.   On June 29,

2015, Defendant filed an Answer and Counterclaim.[1]  See Docket Entry No. 6. Defendant's counterclaim asserts a state law breach of contract claim for Plaintiff's alleged non-payment of a credit card debt.  See Docket Entry No. 6.

For the reasons set forth in the following discussion, this Court should dismiss Defendant's counterclaim, without prejudice, for lack of subject matter jurisdiction because (1) Defendant's counterclaim is "permissive," (2) Plaintiff's TCPA claim and Defendant's breach of contract claim do not share a "common nucleus of operative fact," see United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966), and (3) there is neither "federal question" jurisdiction[2] nor "diversity" jurisdiction[3] over Defendant's breach of contract claim.

## II.    STANDARD OF REVIEW

"A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the [non-movant]." Gould Electronics, Inc. v. U.S., 220 F.3d 169, 177 (3d Cir. 2000) (internal citations omitted). In this case, Plaintiff contends that, on the face of Defendant's counterclaim, this Court does not have subject matter jurisdiction over

---

[1] Defendant's counterclaim was styled by Defendant as a "counter-complaint."
[2] 28 U.S.C. § 1331.
[3] 28 U.S.C. § 1332.

that counterclaim. Consequently, the scope of this Court's review of Plaintiff's motion is limited to consideration of only those allegations and documents attached to Defendant's counterclaim, viewed in the light most favorable to Defendant.

## III.   ARGUMENT

### A.   THIS COURT SHOULD DISMISS DEFENDANT'S COUNTERCLAIM FOR LACK OF SUBJECT MATTER JURISDICTION.

The subject matter jurisdiction of federal courts is governed by federal statute. There are two (2) different types of subject matter jurisdiction: "original" jurisdiction and "supplemental" jurisdiction. "Original" jurisdiction is further divided into two (2) types: "federal question" jurisdiction and "diversity" jurisdiction. See 28 U.S.C. §§ 1331 and 1332. "Federal question" jurisdiction is conferred over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Diversity" jurisdiction exists where, as relevant here, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States." 28 U.S.C. § 1332(a)(1).

"Supplemental" jurisdiction, on the other hand, relates only to pendant or ancillary claims that are asserted by any party to a lawsuit over which the court has original jurisdiction. 28 U.S.C. § 1367(a) governs the exercise of "supplemental" jurisdiction and provides that "in any civil action of which the district courts have

original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In other words, once original jurisdiction is established over a particular claim, a court may exercise supplemental subject matter jurisdiction over all other claims in the action that "form part of the same case or controversy under Article III of the United States Constitution."

### 1. Defendant's counterclaim is "permissive" rather than "compulsory."

Although not *necessarily* dispositive of the jurisdictional question presented here, the Court's analysis is guided by the type of counterclaim being asserted by Defendant. The Federal Rules of Civil Procedure permit two (2) types of counterclaims to be asserted by a party: "compulsory" counterclaims and "permissive" counterclaims. See Fed.R.Civ.P. 13(a)-(b). At its core, a "compulsory" counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(a)(1)(A). As the Third Circuit Court of Appeals has explained, "a counterclaim is compulsory if it bears a logical relationship to an opposing party's claim. [A] counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of

effort...." <u>Savarese v. Agriss</u>, 883 F.2d 1194, 1208 (3d Cir. 1989) (citing <u>Great Lakes Rubber Corp. v. Herbert Cooper Co.</u>, 286 F.2d 631, 634 (3d Cir. 1961)). Moreover, the plain language of Rule 13(a) requires a compulsory counterclaim to be pleaded at the first opportunity or else it will be "lost." <u>See</u> Fed.R.Civ.P. 13(a) ("[a] pleading *must* state as a counterclaim" any counterclaim that is "compulsory") (emphasis added); <u>see also Metropolitan Life Ins. Co. v. Kubichek</u>, 83 Fed.Appx. 425, 431 (3d Cir. 2003) (compulsory counterclaim barred in later action by *res judicata*); <u>Technographics, Inc. v. Mercer Corp.</u>, 142 F.R.D. 429, 430 (M.D.Pa. 1992) (observing that *res judicata* may bar a compulsory counterclaim in a later proceeding).

In contrast, a "permissive" counterclaim is broadly defined by Rule 13(b) as "any [counterclaim] that is not compulsory" i.e. that does not arise out of the same transaction or occurrence as the opposing party's claim. Fed.R.Civ.P. 13(b). The corollary of this definition is that permissive counterclaims are not barred in a later action if omitted from the original action. <u>Brady v. C.F. Schwartz Motor Co., Inc.</u>, 723 F. Supp. 1045, 1048 (D.Del. 1989) (citing <u>Mercoid Corp. v. Mid-Continent Co.</u>, 320 U.S. 661, 671 (1944)).

In the context of subject matter jurisdiction, this distinction is important as it has been almost universally accepted by courts throughout the Third Circuit that a federal court automatically has supplemental (i.e. ancillary) jurisdiction over

compulsory counterclaims because such counterclaims necessarily "form part of the same case or controversy" as the opposing party's claim. See Great Lakes Rubber Corp., 286 F.2d at 633 (citing Moore v. New York Cotton Exchange, 270 U.S. 593 (1926)); see also Dinces v. Robbins, 604 F. Supp. 1021, 1026 (E.D.Pa. 1985); Ayres v. National Credit Management Corp., 1991 WL 66845 (E.D.Pa. 1991) (observing that "[t]he majority rule in federal courts appears to be that ancillary jurisdiction reaches only to compulsory counterclaims"); Kimmel v. Cavalry Portfolio Services, LLC, 747 F. Supp. 2d 427, 432 (E.D.Pa. 2010) ("[T]his Court must have an independent basis for jurisdiction in order to hear [Defendant's permissive counterclaim]").

In this case, Defendant's counterclaim is permissive. Plaintiff's claim is based on the TCPA whereas Defendant's counterclaim is a state law breach of contract claim. The two claims do not bear a "logical relationship" because separate trials on each of their respective claims would *not* involve a substantial duplication of effort. Put another way, the elements of Plaintiff's TCPA claim are separate and distinct from the elements of Defendant's breach of contract claim. In fact, Plaintiff's TCPA claim is entirely independent of whether Plaintiff owed a debt to Defendant and failed to pay that debt such that the existence and non-payment of the alleged debt underlying Defendant's breach of contract claim has

absolutely no bearing on whether Defendant violated the TCPA.[4] Accordingly, Plaintiff and Defendant can try their respective claims in separate actions without duplicating their efforts.

However, "[w]hile a compulsory state law counterclaim is undoubtedly within the Court's supplemental (i.e., ancillary) jurisdiction, it does not necessarily follow that a 'permissive' state law counterclaim is outside the Court's jurisdiction. The question with regard to supplemental jurisdiction is whether the state law counterclaim claim shares a 'common nucleus of operative fact' with the underlying federal claim." <u>Alpern v. Cavarocchi</u>, 1999 WL 257695 (E.D.Pa. 1999).

> **2.     This Court does not have supplemental jurisdiction over Defendant's breach of contract claim under 28 U.S.C. § 1367(a) because Plaintiff's TCPA claim and Defendant's breach of contract claim do not derive from a common nucleus of operative fact.**

In <u>United Mine Workers of America v. Gibbs</u>, the Supreme Court of the United States held that a federal court has subject matter jurisdiction over all claims in a matter that form part of the "same case or controversy" as the original

---

[4] Although there is some appeal to the argument that both parties' claims "arise out of the same transaction" i.e. the alleged underlying debt, numerous opinions of courts within this circuit have rejected similar arguments involving FDCPA claims and breach of contract counterclaims. <u>See, e.g., Orloff v. Syndicated Office Systems</u>, 2003 WL 22100868 (E.D.Pa. 2003) (plaintiff's FDCPA claim and defendant's breach of contract claim for underlying debt do not arise from same transaction or occurrence); <u>Ayres v. National Credit Management Corp.</u>, 1991 WL 66845 (E.D.Pa. 1991) (same); <u>Kimmel v. Cavalry Portfolio Services, LLC</u>, 747 F. Supp. 2d 427, 432 (E.D.Pa. 2010) (same). The relationship between a TCPA violation and failure to pay the underlying debt is much more attenuated than the relationship between an FDCPA violation and failure to pay the underlying debt based simply on the fact that the purpose of the FDCPA is directly related to the collection of debts.

claim falling within the original jurisdiction of the court. 383 U.S. at 725. A supplemental claim will form part of the "same case or controversy" as the original claim if all the claims "derive from a common nucleus of operative fact." Id.

Here, Plaintiff's TCPA claim and Defendant's state law breach of contract claim do not derive from a "common nucleus of operative fact." With regard to Plaintiff's TCPA claim, the operative facts Plaintiff must prove to be successful are (1) that Defendant called Plaintiff using an automatic dialing system or artificial or pre-recorded voice, (2) that the calls were placed to Defendant's cellular telephone, (3) that the calls were not made for "emergency purposes," and (4) that the calls were made without Plaintiff's prior express consent. See 47 U.S.C. § 227(b)(1)(A)(iii). On the other hand, Defendant's breach of contract claim requires it to prove the following operative facts: (1) the existence of a contract and its essential terms, (2) a breach of a contractual duty by Plaintiff, and (3) resulting damages. J.F. Walker Co., Inc. v. Excalibur Oil Group, Inc., 792 A.2d 1269, 1272 (Pa. Super. 2002).

Based on the foregoing, it is clear that, in order to be successful on their respective claims, Plaintiff and Defendant will be required to prove a starkly different (rather than common) set of facts, neither of which will have an impact on the other's claims. Stated differently, even assuming, *arguendo*, that Defendant is able to establish its breach of contract claim, the facts required to prove that claim

neither support nor detract from Plaintiff's claim because the existence and breach of a contract between Plaintiff and Defendant has absolutely no bearing on whether Defendant called Plaintiff's cellular telephone using an automatic dialing system or artificial or pre-recorded voice without Plaintiff's consent and not for emergency purposes.[5] Thus, because the parties' respective claims do not "derive from a common nucleus of operative fact," this Court cannot exercise supplemental jurisdiction over Defendant's counterclaim under 28 U.S.C. § 1367(a).

> **3.    This Court has neither federal question jurisdiction nor diversity jurisdiction over Defendant's breach of contract claim.**

Without supplemental jurisdiction, the only other basis for this Court's subject matter jurisdiction over Defendant's counterclaim must be original jurisdiction, that is, either "federal question" or "diversity" jurisdiction.

Federal question jurisdiction arises from 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Here, Defendant's counterclaim is a state law breach of contract claim. Because Defendant's counterclaim is based on state law and does not arise under the "Constitution, laws, or treaties of the United States," federal question jurisdiction does not exist.

---

[5] The only "common" fact shared between the parties' respective claims is that Defendant's phone calls were allegedly made for the purposes of collecting the underlying debt.

Diversity jurisdiction is governed by 28 U.S.C. § 1332(a). Section 1332(a) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States." 28 U.S.C. § 1332(a)(1). In this case, although the parties are citizens of different states, the amount in controversy of Defendant's counterclaim ($682.28) is not in excess of $75,000.00. Thus, there is no basis for this Court to exercise diversity jurisdiction over Defendant's counterclaim.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable

Court grant her Motion to Dismiss Defendant's Counterclaim.


RESPECTFULLY SUBMITTED,

Date: July 7, 2015                    By: */s/ Craig Thor Kimmel*_____
                                      CRAIG THOR KIMMEL
                                      PA. Atty. No. 57100
                                      Kimmel & Silverman, P.C.
                                      30 E. Butler Pike
                                      Ambler, PA 19002
                                      Phone: (215) 540-8888
                                      Fax: (877) 788-2864
                                      Email: kimmel@creditlaw.com